UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DAVIS,

     Plaintiff,

                                        Civil Case No. 13-12490

v.                                  Honorable Patrick J. Duggan

EDWIN L. GULLECKSON,

     Defendant.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S
COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA
PAUPERIS**

On June 7, 2013, Plaintiff filed a complaint in this Court against Edwin L.

Gulleckson and an application to proceed *in forma pauperis*.  From what the Court can

glean from Plaintiff's pleadings and the documents attached thereto, he is challenging the

Michigan courts' adjudication of a lawsuit he filed against Edwin Gulleckson who

appears to be a doctor at McLaren Hospital who provided evidence in support of criminal

charges brought against Plaintiff.  For the reasons that follow, this Court lacks subject

matter jurisdiction to adjudicate Plaintiff's complaint and therefore is summarily

dismissing this action and denying Plaintiff's request to proceed *in forma pauperis*.

At any time, a district court may *sua sponte* dismiss a complaint for lack of subject

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the

allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of

merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.

1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974) and *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).  Pursuant to the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16, 103 S. Ct. 1303, 1315 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923).  This is true even in the face of allegations that "the state court's action was unconstitutional."[1]  *Feldman*, 460 U.S. at 486, 103 S. Ct. at 1317; *see also Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996).  Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court.  28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476, 103 S. Ct. at 1311.

As indicated above, a fair reading of Plaintiff's complaint reveals that the present action is an impermissible attack of the Michigan courts' judgments.  Plaintiff appears to be challenging the state courts' resolution of his claim that Dr. Gulleckson engaged in fraud with respect to statements he made relative to the criminal case against Plaintiff.  Plaintiff's claims are precisely the type that the *Rooker-Feldman* doctrine precludes this Court from reviewing.

Accordingly,

**IT IS ORDERED**, that Plaintiff's complaint is *sua sponte* **DISMISSED WITH**

---

[1]While Plaintiff may challenge the constitutionality of his conviction and sentence pursuant to 28 U.S.C. § 2254, it appears that he already has done so, without success.  *See* Op. and Order Denying the Pet. for Writ of Habeas Corpus, *Davis v. Neithercut, et al.*, Civil Case No. 10-14917 (E.D. Mich. Oct. 31, 2012).

2

**PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1);

IT IS FURTHER ORDERED, that Plaintiff's application to proceed *in forma pauperis* is **DENIED**.

Dated: June 12, 2013                          s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE


Copy to:
Andre Davis
808 Oak Street
Flint, MI 48503

3